Filed 4/20/23 Maria Elena's Restaurant v. Boyes CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MARIA ELENA'S RESTAURANT, INC., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> PATRICIA BOYES et al., <br><br> Defendants and Respondents. | 2d Civ. No. B322667 <br> (Super. Ct. No. 19CV347686) <br> (Santa Clara County) |

In an underlying action, an injured party sued a restaurant for personal injuries, later adding the restaurant's landlord and the landlord's insurance carriers as defendants. The action was settled between the injured party and the restaurant by payment of cash to the injured party and an assignment of rights against the insurance carriers from the injured party to the restaurant. After the injured party was paid, his counsel requested dismissal

of the action. The dismissal terminated the rights assigned to the restaurant.

The restaurant brought the instant action against the injured party and his counsel, alleging causes of action including breach of contract and fraud. The injured party's counsel responded with an anti-SLAPP motion, requesting dismissal and attorney fees. (Code Civ. Proc., § 425.16.)[1] The trial court granted the motion. We affirm.

FACTS

*Underlying Action*

Orlando Paramo injured a tooth on an object at Maria Elena's Restaurant (the Restaurant). Paramo sued the Restaurant. The Restaurant was not insured, so Paramo sued Restaurant's landlord and the landlord's insurance carriers. The insurance carriers took the position that Paramo had no standing to sue them because he was not a beneficiary of their policies.

Paramo was represented by Patricia Boyes and Boyeslegal, APC (collectively Boyes). Paramo and the Restaurant entered into a settlement agreement. The Restaurant agreed to pay Paramo $21,000 in installments. Paramo assigned his right to collect $10,000 in medical costs from the landlord's insurance carriers to the Restaurant. Paramo and Boyes knew that the Restaurant would not have accepted the settlement except for their promises to ensure that the Restaurant received medical payment.

The Restaurant and the insurance carriers were engaged in meet and confer efforts regarding the $10,000 medical insurance payment. When Paramo received the last installment payment

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

from Restaurant, Boyes filed a request for dismissal of Paramo's action. The trial court's dismissal with prejudice terminated the Restaurant's right to collect the $10,000 from the insurance carriers.

The Restaurant sued Boyes and Paramo. The Restaurant alleged professional negligence and intentional interference with contract against Boyes. Restaurant further alleged breach of contract, rescission, fraud, false promise, and negligent misrepresentation against both Boyes and Paramo.

*Anti-SLAPP Motion*

Boyes brought an anti-SLAPP motion against Restaurant, seeking dismissal of the action and attorney fees. Boyes alleged that her actions in conducting litigation are protected activity under the anti-SLAPP statute and that she is protected from liability under the litigation privilege. The trial court granted the motion and awarded $36,094.50 in attorney fees.

DISCUSSION

*Anti-SLAPP Motion*

Section 425.16, subdivision (b)(1), the anti-SLAPP statute, provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

To resolve an anti-SLAPP motion, the trial court engages in a two-step inquiry. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action arises from a protected activity. (*City of Santa*

3

*Monica v. Stewart* (2005) 126 Cal.App.4th 43, 71.) The moving party has the burden of showing that the challenged cause of action arises from a protected activity. (*Ibid*.) Second, if the moving party has carried that burden, the court must decide whether the opposing party has demonstrated a probability of prevailing on the challenged cause of action. (*Ibid*.) "The trial court's rulings on both issues are reviewed de novo." (*Ibid*.)

## I. Protected Activity

The Restaurant contends that Boyes's actions were not activities protected by the anti-SLAPP statute.

As the trial court correctly noted, all causes of action in the Restaurant's complaint are based on two activities: Boyes's negotiation of the settlement agreement and her filing of the request for dismissal. Both are protected activities.

Section 425.16, subdivision (e) provides that protected activities include: "(1) any written or oral statement or writing made before a . . . judicial proceeding . . . (2) any written or oral statement . . . made in connection with an issue under consideration or review by a . . . judicial body . . . ."

Statements made during negotiations to settle a lawsuit constitute a protected activity under the anti-SLAPP statute, even if such statements are alleged to be fraudulent. (*Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP* (2017) 18 Cal.App.5th 95, 113-114.) Similarly, a request for dismissal must be considered as a protected activity as a writing made before a judicial proceeding. In fact, it is a petition to the judicial branch of the government.

The Restaurant cites *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1060, for the proposition that a claim is not subject to an anti-SLAPP motion

4

merely because it contests an action that was arrived at following speech or petitioning activity. Rather, a claim may be struck only if the speech or petitioning activity is itself the wrong complained of. Here, the protected activities – negotiating the settlement agreement and requesting a dismissal – are the wrongs complained of.

The Restaurant argues that Boyes's request for dismissal did not serve to further the ends of her client's litigation. The Restaurant cites no authority requiring the protected activity to serve a litigation objective. Section 425.16 contains no such requirement.

The Restaurant claims that Boyes's wrongful conduct was that she failed to honor the settlement agreement and took affirmative steps to breach it. The Restaurant argues that such conduct is neither speech nor petitioning activities. But section 425.16, subdivision (b)(1), provides that causes of action "arising from" protected activity shall be subject to a special motion to strike. The Restaurant's complaint makes it abundantly clear that the causes of action arose from Boyes's protected activity in requesting a dismissal.

The Restaurant argues the only category of protected activity applicable here is in section 425.16, subdivision (e)(4): "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." By its terms section 425.16, subdivision (e)(4), requires the protected activity to be "in connection with a public issue or an issue of public interest." The Restaurant argues that this is a private lawsuit with no connection to a public issue or public interest.

5

But the provisions governing this case are subdivision (e)(1) and (2) of section 425.16, relating to matters in a judicial proceeding or before a judicial body. Those clauses of subdivision (e) contain no language requiring a public issue or interest. Boyes need not separately demonstrate that her anti-SLAPP motion concerns an issue of public interest. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1123.)

The Restaurant's reliance on *Old Republic Construction Program Group v. Boccardo Law Firm, Inc.* (2014) 230 Cal.App.4th 859 (*Old Republic*) is misplaced. An insurer settled the underlying action by depositing money in a law firm's trust account on the condition that the money would not be withdrawn without the insurer's consent. After the underlying action was dismissed, the law firm withdrew the money without consent. The insurer sued the law firm for breach of contract and other causes of action. The law firm responded with an anti-SLAPP motion. In affirming the denial of the motion, the Court of Appeal determined that the alleged wrongful conduct was the withdrawal of the funds, and that the withdrawal of funds does not qualify as a protected activity under section 425.16, subdivision (e). (*Old Republic*, at p. 870.)

Here, the alleged wrongful conduct was in negotiating the settlement agreement and requesting dismissal. Both are protected activities under section 425.16, subdivision (e)(1) and (2).

## II. Probability of Prevailing

The Restaurant contends the trial court erred in relying on the litigation privilege to conclude it has no probability of prevailing.

Civil Code section 47 provides in part: "[a] privileged publication or broadcast is one made: . . . (b) In any . . . judicial proceeding."

The privilege applies to any communication ""(1) made in judicial or quasi-judicial proceeding; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action."" (*Olsen v. Harbison* (2010) 191 Cal.App.4th 325, 333.) The privilege is absolute and applies to even malicious publications. (*Ibid*.) "The breadth of the litigation privilege cannot be understated. It immunizes defendants from virtually any tort liability (including claims for fraud), with the sole exception of causes of action for malicious prosecution." (*Ibid*.)

Fraudulent statements allegedly made by Paramo and Boyes during settlement discussions clearly qualify as privileged: 1) They were made in a judicial proceeding. The privilege applies even though the statements are made outside the courtroom and no function of the court or its officers is involved. (*Argentieri v. Zuckerberg* (2017) 8 Cal.App.5th 768, 780-781.) 2) The statements were made by a party and his counsel, a participant authorized by law. 3) The statements were made to achieve a settlement, an object of the litigation. 4) The statements made to achieve the settlement have some connection or logical relation to the underlying action.

Similarly, the request for dismissal clearly qualifies as privileged: 1) It was made in a judicial proceeding. 2) It was made by Boyes, a participant authorized by law. 3) It was made to achieve an object of the litigation. Ending litigation is one of the request for dismissal's objectives. 4) The request for

7

dismissal has some connection or logical relation to the underlying action – it concludes it.

The Restaurant claims the alleged fraudulent statements and dismissal constitute courses of conduct, not protected communications. But the alleged fraudulent statements were based on communications between Boyes, Paramo, and the Restaurant. There is no fraud without communication. Similarly, the request for dismissal asked the trial court to dismiss the case. It was a communication to the court.

The Restaurant failed to carry its burden of demonstrating a probability of prevailing.

                              DISPOSITION

The judgment is affirmed. Costs are awarded to respondents.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

8

Thang Nguyen Barrett, Judge

Superior Court County of Santa Clara

_____

Law Offices of John K. Crowley and John Kevin Crowley, for Plaintiff and Appellant.

Davis, Bengtson & Young and Bruce D. MacLoed for Defendants and Respondents.